The writ of certiorari was allowed to review the action of the Unemployment Compensation Commission by virtue of which an assessment and levy was made whereby there was demanded of the prosecutor, Charles Kansel, trading as the Uptown Printing Company taxes in the sum of $19.55 and in the further sum of $210.35 as successor in title to the assets of the Uptown Printing Co., Inc.
Kansel has been the owner and operator of a printing establishment at 249 West Kinney Street, Newark, since January 1st, 1942. He, and his predecessor in title, accepted orders for all types of printed matter, submitting prices to the customers. In order to complete the work they subcontracted book-binding, paper ruling, typesetting, engraving, linotyping, steel plate engraving and electrotyping to various persons and firms not subject to the tax under the Unemployment Compensation Law.
The prosecutor was subject to that law and paid the contributions required, except the sums in question. He failed, *Page 246 
however, to report or pay contributions with respect to the individuals employed by the subcontractors who were not subject to the contributions.
The question for solution is whether the facts of the case fall within R.S. 43:21-19 (g). The statute provides as follows: "`Employing unit' means any individual or type of organization, including any partnership, association, trust, estate, joint-stock company, insurance company or corporation, whether domestic or foreign, or the receiver, trustee in bankruptcy, trustee or successor thereof, or the legal representative of a deceased person, which has or subsequent to January first, one thousand nine hundred and thirty-six, had in its employ one or more individuals performing services for it within this State. All individuals performing services within this State for any employing unit which maintains two or more separate establishments within this State shall be deemed to be employed by a single employing unit for all the purposes of this chapter.Whenever any employing unit contracts with or has under it anycontractor or subcontractor for any employment which is part ofits usual trade, occupation, profession, or business, unless theemploying unit as well as each such contractor or subcontractoris an employer by reason of subsection (c) of section
43:21-8 of this title or subsection (h) of this section, theemploying unit shall for all the purposes of this chapter bedeemed to employ each individual in the employ of each suchcontractor or subcontractor for each day during which suchindividual is engaged in performing such employment; except that each such contractor or subcontractor who is an employer by reason of subsection (c) of section 43:21-8 of this title or subsection (h) of this section, shall alone be liable for the contributions measured by wages payable to individuals in his employ, and except that any employing unit who shall become liable for and pay contributions with respect to individuals in the employ of any such contractor or subcontractor who is not an employer by reason of subsection (c) of section 43:21-8 of this title or subsection (h) of this section, may recover the same from such contractor or subcontractor. * * *" The italics are ours. *Page 247 
The prosecutor lacked the facilities of doing all types of printing, book-binding, ruling and engraving. Many types of such work he was called upon to do he placed with others making an overall charge for the sums of money paid by him or charged to his account. Many of these persons or firms did similar work for other business men. None of those questioned were able to tell the precise amount of time devoted to the prosecutor's business.
The first argument made is that the prosecutor is not a prime contractor and that those employed by him to do part of his work are independent contractors. In the case before us we are dealing with the statute. The legislature has seen fit to impose a tax in a case where the employing unit employs a contractor or subcontractor who is not subject to the tax. It was held inRaines v. Unemployment Compensation Commission of New Jersey,129 N.J.L. 28; affirmed, Id. 387, that such legislation was not unconstitutional. In this case, the employment and work contracted for was all a part of the usual business of the prosecutor. It falls very definitely into the same mould as the facts in the Raines case, supra.
The former Chief Justice said in that case: "For the year 1940 Raines, in his affidavit, describes himself as a builder engaged in constructing dwelling houses, and other buildings, under contracts with landowners. It was his custom to use subcontractors, working independently to perform work necessary for the completion of his contract with his principal. Mr. Raines said that, to the best of his knowledge, most of the subcontractors in the work performed by them on his buildings employed less than eight employees. From the correspondence between the representatives of the Commission and Mr. Raines, and the conferences had with him or on his behalf, it is clear that Raines was a `subject employer' under the statute and, therefore, liable for the assessment in question."
Mr. Justice Heher said in Singer Sewing, c., Co. v. NewJersey Unemployment, c., 128 N.J.L. 611 (at p. 615);affirmed, 130 Id. 173: "The employment here contracted for was indubitably a part of prosecutor's usual trade or business in the legislative sense. It was primarily a contract for a *Page 248 
selling service — such as patently takes the classification of an employment identified with prosecutor's business. The company manufactured sewing machines, vacuum cleaners, motors and tables, and the individual parts thereof; and it was essential that there be a consumer outlet. Thus the distributor's function was an integral part of the business. And it is plainly not requisite that the contractor be under an absolute duty to employ the assistance of others for the fulfillment of the service so assumed. The contract contemplates the contractor's employment of such servants as he may deem advisable for the performance of his undertaking. Indeed, there is provision for reimbursement by the contractor or subcontractor not classed as an `employer' by the statute for contributions paid by the employing unit with respect to the former's employees. Section 43:21-19 (g), supra. In the circumstances, the employing unit is regarded as the employer of persons in the service of the contractor, unless both the employing unit and the contractor are treated as `employers' under subsections 8 (c) or 19 (h), supra. Not every contractual relation is comprehended in the statutory class. `Employment' means `service' in a fairly well-defined field — such as is `performed for remuneration or under any contract of hire.' Section 43:21-19 (i). And the terms `part of' and `usual trade,' occupation, profession, or business qualify the precedent phase `for any employment,' and together they express the quality of the relationship. A `contractor' and a `subcontractor' differ from a mere `agent' and `employee,' whose employees are to be considered servants of the employing unit only in case the latter had `actual or constructive knowledge of the work.' Section 43:21-19 (g), supra."
In construing the statute in question, he said: "The particular clause is to be viewed in the light of the declared public policy to alleviate the evils of involuntary unemployment, and thereby to achieve a degree of social security essential to the health, morals, and general welfare of the people of the state. Section 43:21-2 enjoins the consideration of this policy in the interpretation and application of the statute. The manifest purpose of the provision is the advancement of the central statutory scheme through the inclusion in the *Page 249 
category of employees entitled to benefits of those serving the contractor or subcontractor of an employing unit in an employment constituting a component part of the usual trade, occupation, profession, or business of such employing unit."
The same test was applied in The Texas Co. v. New JerseyUnemployment Compensation Commission (Board of Review of theNew Jersey U.C.C.), and Frank M. Handelong, 132 N.J.L. 362;affirmed, 134 Id. 614.
Obviously, we are bound by the language of the courts in the cases cited. R.S. 43:21-19 (g) is controlling in this case.
The auditor of the Unemployment Compensation Commission was unable to secure the payroll costs with respect to the subcontractor. He, therefore, took percentages which were furnished to him. Upon this information the assessments in question were levied.
R.S. 43:21-14 (c) provides as follows: "Arbitrary assessment. If any employer shall fail to make any report as required by the rules and regulations of the commission pursuant to the provisions of this chapter, the commission may make an estimate of the liability of such employer from any information it may obtain and, according to such estimate so made, assess such employer for the contributions, penalties, and interest due the State from him, give notice of such assessment to the employer, and make demand upon him for payment."
The prosecutor could have saved himself trouble by complying with the statute.
It is difficult to find the prosecutor as coming within the purview of section 19 I (6) when R.S. 43:21-19 (g) is so clearly controlling on the facts developed and in the law as applied in the cases cited. We, in this case, are merely dealing not with the case of employment but where the employing unit has contracted with a subcontractor, where the subcontractor is not an employer by reason of subsection 43:21-8 (c) or subsection (h) of R.S. 43:21-19 (g). The purposes of the statute must not be overlooked.
The decision of the Unemployment Compensation Commission will be affirmed, and the writ dismissed, with costs. *Page 250